Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7208 | **DATE** | 4/12/02 |
| **CASE TITLE** | Darlene Gee v. City of Chicago Public Schools | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the Defendant's Motion to Dismiss [8-1] & [14-1] is GRANTED in part and DENIED in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 15 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**APR 1 5 2002**

| | | |
|---|---|---|
| DARLENE GEE, | ) | |
| Plaintiff, | ) No. 01 C 7208 | |
| v. | ) | |
| CITY OF CHICAGO PUBLIC SCHOOLS | ) HONORABLE DAVID H. COAR | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Darlene Gee ("Gee") sues the Chicago Public Schools Board of Education ("Board"), her former employer, for disability and race discrimination, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et. seq.*; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. In this action, Gee has filed two amended complaints in addition to her original complaint. The Board objects to the filing of the amended complaints without leave of this Court, but moves to dismiss Gee's second amended complaint in its entirety for failure to state a claim.

### I. Background

As a preliminary matter, this Court addresses the Board's objections regarding Gee's amended complaints. Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint once "as a matter of course at any time before a responsive pleading is served"; at any other time "leave [to amend] shall be given freely when justice so requires." Since the

Board's motion to dismiss is not a responsive pleading, Duda v. Bd. of Educ. of Franklin Park Pub. Sch. District No. 84, 133 F.3d 1054, 1057n.2 (7th Cir. 1998), Gee did not need permission to amend her complaint the first time.[1] Once an amended pleading is filed, it supersedes the prior pleading and the prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. Id. at 1057. This Court now turns to the motion to dismiss.

The following facts are taken from Gee's amended complaint and taken as true for the purposes of this motion to dismiss. Gee was employed by the Chicago Public Schools from August 1996 through August 2001. Gee, who has a Master's degree in Education and possesses Elementary and Secondary certificates, alleges that because she is black the Board did not acknowledge her credentials and that she was classified improperly and evaluated as a "temporary certified teacher" rather than a "temporary appointed teacher." According to Gee, this classification improperly indicated that her certificate, rather than the position, was temporary, and she could not accumulate seniority. Gee was evaluated in the summer of 2000; her master's degree was recognized and she was assessed and placed as a teacher with three years of full-time service and experience with the Chicago Public Schools. Unhappy with her "classification as a substitute teacher with a 'temporary certificate,'" Gee claims to have suffered constant physical and emotional stress and attempted to resolve the issue

---

[1] Gee also filed a second amended complaint, and while she should have sought leave to amend her complaint an additional time, this Court accepts the allegations in this second amended complaint because it, too, cannot survive a motion to dismiss.

internally by filing numerous complaints, including, she alleges, complaints alleging harassment and discrimination.[2]

Gee was terminated from Hamline Elementary on February 20, 2001 "amiss misconduct allegations" for which Gee alleges there is no evidence. Rather, Gee alleges that her termination, which occurred while she was on medical leave, was in retaliation of her complaints, and would not have been possible but for her improper classification. She alleges that prior to her termination, she was denied an extension of medical leave that would have accommodated her "temporary disabilities." Gee identifies mental impairment due to a physical condition, anxiety, and stress as her temporary disabilities. Further, she alleges that, as a result of losing her job and "her single-handed battle for justice," she has experienced asthma and pulmonary stress.

## II. Discussion

When considering a motion to dismiss, the court examines the sufficiency of the complaint, and the issue is not whether a plaintiff ultimately will prevail but whether she is entitled to offer evidence that supports the claims. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997). A pro se complaint must be construed liberally; the court must employ a less stringent standard than in counsel had drafted the complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972). Additionally, allegations contained in other court filings, such as the plaintiff's response to the motion to dismiss, can be considered. Swofford v. Mandrell,

---

[2] Gee further alleges that, given her area of certificate concentration and her credentials, she was improperly staffed (i.e., the wrong position). Gee alleges that she "is confident" that if she were white instead of black, her status not only would have been corrected, but she also would not have been improperly staffed.

969 F.2d 547, 549 (7th Cir. 1992). A complaint should be dismissed where it appears beyond a doubt that plaintiff can prove no set of facts that would entitle her to relief. Mattice v. Mem. Hosp. of South Bend, Inc., 249 F.3d 682, 684 (7th Cir. 2001).

The Board moves to dismiss this complaint, arguing that Gee has failed to show any qualifying disability under the ADA and that Gee also has failed to state a claim under Title VII, Section 1981, or Section 1983. This Court addresses each claim in turn.

*A. ADA Claim*

To prevail in her ADA claim, Gee must satisfy the threshold requirement of demonstrating that she is a "qualified individual with a disability" under the ADA. Toyota Motor Mfg., Kentucky, Inc. v. Williams, 122 S. Ct. 681, 689 (2002). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. (citations omitted). A "disability" is defined as: a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment. 42 U.S.C. § 12102(2). Thus, in order to make a claim under the ADA, Gee must plead that she is a disabled person as defined by the statute, that the employer knew of the disability, and that she is otherwise qualified to perform the essential functions of the job sought, with or without reasonable accommodation. Winfrey v. City of Chicago, 259 F.3d 610, 614 (7th Cir. 2001).

The critical inquiry for Gee's ADA claim is whether she in fact pleads she had a qualifying disability. Even a liberal reading of Gee's amended complaints precludes Gee's cause of action under the ADA. The amended complaint states that Gee had "temporary disabilities"

-4-

and Gee concedes in her response to the Board's motion to dismiss that "[a]lthough Plaintiff['s] illnesses [were] serious in nature at one time and did warrant extension of medical leave, especially during the summer months, they were temporary disabilities controlled with proper treatment and medication." These "temporary disabilities" do not suffice; the Supreme Court has stated that "[a] person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity." Sutton v. United Airlines, Inc., 527 U.S. 471, 482-83 (1999). This Court, therefore, dismisses Gee's ADA claim.

*B. Title VII Claim*

The Supreme Court recently has held that an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss; rather, the complaint must satisfy only the simple requirements of Fed. R. Civ. P. 8(a). Swierkiewicz v. Sorema N.A., ___ U.S. ___, 122 S. Ct. 992, 998-99 (2002). Rule 8(a) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 122 S. Ct. at 998 (citations omitted). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issue and to dispose of unmeritorious claims. Id.

The Board contends that Gee fails to state a claim of race discrimination under Title VII because she does not set forth facts to support her claim but instead merely speculates "that she is confident that the situation would be different if she [were] white and not black." This Court

construes "the situation" to which Gee refers liberally and includes not only the failure to promote her as Department Chair, but also her allegations of being improperly classified and staffed, which allegedly led to her termination. Perhaps standing alone these mere allegations would not suffice, but Gee also alleges in her response to the Board's motion to dismiss that while she was improperly classified, the principal of her school hired several other white teachers (whom she names), and classified them properly. Gee also alleges that she was denied the department chair position over a less-qualified white person. Regardless whether Gee ultimately will be able to prove her case, this Court finds that at this stage in the litigation, and in accordance with Swierkiewicz, Gee has alleged sufficient facts for her Title VII claim to survive the Board's motion to dismiss.

*C. Sections 1981 and 1983*

Gee's Sections 1981 and 1983 claims, however, do not survive the Board's motion to dismiss. Recovery against a governmental body like the Board under sections 1981 and 1983 may not be based on *respondeat superior*. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 736 (1989); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 659 (1978); see also Horowitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37, 260 F.3d 602, 619-20 (7th Cir. 2001); Smith v. Chicago Sch. Reform Bd. of Trustees, 165 F.3d 1142, 1148 (7th Cir. 1999). For the Board to be liable, Gee would have to show that the Board's official policy or custom was discriminatory. Smith, 165 F.3d at 1148.

Gee does not sufficiently allege a discriminatory policy or custom. In her response, Gee argues that, because there are no "consequential actions taken to prevent principals from violating certain teacher's civil rights and from causing infractions in the law due to widespread

and systematical practices of supporting principals regardless of their individual discriminatory and abusive behavior," the Board is liable. Gee's allegations do not suffice because the Seventh Circuit has clearly held that accusations that the School Board "did not do enough" are "shortcomings of [the] kind [that] are distinct from a policy or custom of racial discrimination." Id. at 1149. This Court, therefore, dismisses Gee's section 1981 and section 1983 claims against the Board.

### III. Conclusion

For the foregoing reasons, this Court GRANTS Defendant Board's motion to dismiss as to the ADA claim, the § 1981 claim, and the § 1983 claim and DENIES the motion to dismiss as to the Title VII claim.

Enter:

_____
David H. Coar
United States District Judge

Dated: April 12, 2002