Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7208 | **DATE** | 7/11/2002 |
| **CASE TITLE** | Darlene Gee vs. City of Chicago Public Schools | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendant's motion to compel [29-2] and motion for sanctions [29-1] are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 1 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 7/11/2002 | |
| | | 02 JUL 11 PM 4:54 | date mailed notice | |
| IS | courtroom deputy's initials | | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE GEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 7208 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| CITY OF CHICAGO PUBLIC SCHOOLS, | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendant. | ) | |

**DOCKETED**
**JUL 1 2 2002**

## MEMORANDUM OPINION AND ORDER

Defendant moves this Court to compel Plaintiff to answer interrogatories and to appear for a deposition, and to impose sanctions on Plaintiff for improperly answering interrogatories and for refusing to appear for a deposition. For the following reasons, this Court denies Defendant's motions. However, this Court orders Plaintiff to serve amended answers to interrogatories three, six, eleven, and twelve to Defendant on or before July 19, 2002, and to appear for a deposition on a date, no later than July 26, 2002, and at a time selected by Defendant in accordance with Rule 30.

### I. Background

Plaintiff, proceeding pro se, filed a complaint against Defendant on September 18, 2001, alleging employment discrimination based on race and disability and retaliation. On December 24, 2001, Defendant served Plaintiff with interrogatories, and on March 13, 2001, Defendant received Plaintiff's response. That day, Defendant informed Plaintiff that certain of

her answers were inadequate. Plaintiff asked for additional time to obtain counsel to assist Plaintiff in answering the interrogatories. Defendant agreed.

On March 22, 2002, Defendant sent Plaintiff a letter detailing what Defendant believed was inadequate about Plaintiff's answers to interrogatories; Plaintiff still had not amended her answers. Then, on May 8, 2002, Defendant served Plaintiff with a notice of deposition scheduled for May 15, 2002. On May 9, 2002, Plaintiff told Defendant that Plaintiff would not appear for a deposition on May 15 because she had concerns about why the deposition was being taken and about how it was going to be taken. Defendant offered to provide Plaintiff with time to determine the propriety of the deposition. Plaintiff, however, answered that she would not appear at any time. A May 9, 2002 letter from Plaintiff to Defendant revealed that Plaintiff would not appear for a deposition at any time because "any questions relating to [her claims] c[ould] be submitted in writing." (Def.'s Mot. Sanctions Ex. E.)

On June 24, 2002, the parties appeared in court for a status hearing. In response to questions raised by this Court, Plaintiff explained that she assumed that her answers to interrogatories were sufficient. Again Plaintiff made clear that she refused to appear for a deposition at any time; she had done nothing wrong and she was exhausted. This Court repeatedly warned Plaintiff that by refusing to appear for a deposition her case could be dismissed. Plaintiff, however, stated that "as long as the world [wa]s watching [she] accept[ed] that [sanction]." Before the hearing closed, Defendant indicated for the first time that it sought dismissal of Plaintiff's case considering her lack of cooperation during discovery.

## II. Discussion

Federal Rule of Civil Procedure 37(a)(2)(B) provides that if a party fails to answer an interrogatory submitted under Rule 33, the discovering party may move for a court order compelling an answer. The motion must include a certification that the discovering party has in good faith conferred or attempted to confer with the responding party in an effort to secure the answer without court action. Fed. R. Civ. P. 37(a)(2)(B). If the motion is granted by the court, then the responding party must pay to the discovering party the reasonable expenses it incurred in making the motion, including attorney's fees, unless the responding party's conduct was substantially justified or such an award would be unjust. Fed. R. Civ. P. 37(a)(4).

In addition, Rule 37(d) authorizes the court to impose sanctions on a party who fails to appear at a deposition. In such a case, the spectrum of permissible sanctions ranges from the imposition of attorney's fees and expenses to the dismissal of the party's case. *See* Fed. R. Civ. P. 37(b)(2), (d). The type of sanction imposed, however, must be proportionate to the objectionable conduct. *Sherrod v. Lingle*, 223 F.3d 605, 612-13 (7th Cir. 2000). Dismissal, the harshest sanction available to the court, is warranted only where the nonmoving party acted willfully, in bad faith, or was otherwise at fault. *Hindmon v. Nat'l-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir. 1982). In certain situations a single act by a party may warrant dismissal of her case regardless of whether less drastic sanctions have been imposed. *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164-65 (7th Cir. 1994).

After review, we find that Defendant's motion to compel answers to interrogatories three, six, eleven, and twelve should be denied because Defendant has failed to certify that it has in good faith conferred or attempted to confer with Plaintiff to secure answers to these

interrogatories without court action. *See Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996); Fed. R. Civ. P. 37(a)(2)(B). Defendant's March 22, 2002 letter to Plaintiff clearly explains Defendant's position to Plaintiff in detail. However, a single letter is insufficient to demonstrate that Defendant conferred or attempted to confer with Plaintiff as required by Rule 37(a)(2)(B). *See Porter v. Brancato*, No. Civ.A. 96-2208-KHV, 1997 WL 150050, at *1 (D. Kan. Feb. 24, 1997). Defendant should have, at the very least, scheduled a time to meet with Plaintiff to discuss the instant dispute.

Nonetheless, we do agree with Defendant that Plaintiff's answers to interrogatories three, six, eleven, and twelve are nonresponsive and therefore must be amended.[1] Plaintiff must serve Defendant with a copy of Plaintiff's amended answers to these interrogatories on or before July 19, 2002. Failure to do so may subject Plaintiff to sanctions under Rule 37(b)(2).

The remaining matter in dispute concerns Plaintiff's expressed intent to not appear for a deposition at any time. Importantly, it is not clear that Plaintiff has "failed to appear" for a deposition pursuant to Rule 37(d). Courts have strictly construed the phrase "failure to appear" to require a showing that the deponent actually failed to appear at the scheduled deposition. *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995) (citing *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983)). Although Defendant scheduled Plaintiff's deposition on May 15, it seems that Defendant agreed to postpone Plaintiff's deposition at her request. (Def.'s Mot. Sanctions at 2.) Plaintiff then expressed her intention not to be deposed at any time, and

---

[1] For instance, Defendant's sixth interrogatory asks Plaintiff to identify and describe any and all injuries and damages that Plaintiff suffered as a result of Defendant's conduct. (Def.'s Mot. Sanctions Ex. A at 8.) Plaintiff responded, "Punitive and other damages as the court sees fit." (Def.'s Mot. Sanctions Ex. B at 3.)

then Defendant filed the instant motion. Thus, we believe that Rule 37(d) provides no basis to sanction Plaintiff at this time. Nor does it appear that any other provision of Rule 37 provides a basis to sanction Plaintiff's expressed intent to avoid being deposed.

In any event, we find that Plaintiff must appear for a deposition on a date, no later than July 26, 2002, and at a time selected by Defendant in accordance with Rule 30. Defendant is entitled to depose Plaintiff to prepare a defense, as was made clear to Plaintiff at the hearing on June 24. Let this be a final warning to Plaintiff that if she fails to comply with this instruction to appear for a deposition as requested by Defendant, Plaintiff may subject herself to sanctions under Rule 37(b)(2)—one of which could be the dismissal of her case. All litigants, including pro se litigants like Plaintiff, must obey court orders. *Farnsworth v. City of Kansas City*, 863 F.2d 33, 34 (8th Cir. 1988).

### III. Conclusion

For the reasons stated, this Court denies Defendant's motion to compel and motion for sanctions. However, this Court orders Plaintiff to serve amended answers to interrogatories three, six, eleven, and twelve to Defendant on or before July 19, 2002, and to appear for a deposition on a date, no later than July 26, 2002, and at a time selected by Defendant in accordance with Rule 30.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** July 11, 2002.

Copies have been mailed to:

| | |
|---|---|
| MS. DARLENE GEE<br>2019 West 111th Street<br>Apartment 1E<br>Chicago, IL  60643 | MR. JAMES J. SEABERRY<br>Assistant General Counsel<br>Board of Education of the City<br>   of Chicago - Law Department<br>125 South Clark Street<br>Suite 700<br>Chicago, IL  60603 |
| *Pro Se* Plaintiff | Attorney for Defendant |